UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SAM LEBYA,

                    Plaintiff(s),

     v.

NV ENERGY, INC.,

                    Defendant(s).

Case No. 2:16-CV-1122 JCM (CWH)

ORDER

      Presently before the court is plaintiff Sam Lebya's motion to amend his complaint.  (ECF No. 19).  Defendant NV Energy, Inc. ("NV Energy"), has not filed a response.  By not filing a response to Lebya's motion, NV Energy has effectively consented to the motion under Local Rule 7-2(d).[1]

      Lebya originally alleged three claims against NV Energy.  (ECF No. 1).  First, Lebya claimed that NV Energy violated Title VII of the Civil Rights Act and Nevada law by subjecting him to frequent acts of discrimination, harassment, and intimidation based on, *inter alia*, his ethnicity. *Id.*  Second, Lebya claimed that NV Energy was negligent in its supervision of its agents, which caused harm to Lebya.  *Id.*  Third, Lebya claimed that NV Energy wrongfully terminated him. *Id.*

      NV Energy filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13).  In its motion to dismiss, NV Energy contended that Lebya did not allege sufficient facts to support his conclusory allegations; therefore, his cause of action did not meet the pleading

---

[1]  Local Rule 7-2(d) indicates that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

James C. Mahan
U.S. District Judge

standard under *Iqbal* and *Twombly*. *Id.* Further, NV Energy contends that Lebya did not exhaust his administrative remedies because he failed to file a claim with the U.S. Equal Employment Opportunity Commission ("EEOC") before filing suit. *Id.* Lebya filed a response to this motion (ECF No. 15), to which NV Energy replied (ECF No. 17).

In order to rectify the deficiencies in his initial complaint, Lebya moves to amend his complaint. (ECF No. 19). Lebya submitted his proposed amended complaint, which does not include his negligent supervision and wrong termination claims. *See* (ECF No. 19-1). Additionally, Lebya's proposed amended complaint adds facts that are intended to support his conclusory allegations including the fact indicating that he filed his claim with the EEOC before filing his complaint with this court. *Id.*

Federal Rule of Civil Procedure 15(a)(2) states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Moreover, "[a] district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Indeed, "this determination should be performed with all inferences in favor of granting the motion." *Id.* "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend]." *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973).

Here, there is no indication that there is any bad faith, undue delay, prejudice to the opposing party, or futility by allowing Lebya to amend his complaint. Lebya's motion to amend attempts to rectify the issues with his first complaint by alleging more facts to support his remaining claim. Further, by not responding to the motion, NV Energy has expressed its consent to grant the motion under Local Rule 7-2(d). Given these circumstances, the court will grant leave to amend the complaint. Because Lebya's motion to amend will be granted, NV Energy's motion to dismiss as to the first complaint will become moot.

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to amend his complaint (ECF No. 19) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that NV Energy's motion to dismiss (ECF No. 13) be, and the same hereby is, DENIED as moot.

DATED April 21, 2017.

_____
UNITED STATES DISTRICT JUDGE